**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

USPO & COURTHOUSE
1 FEDERAL SQUARE, ROOM 417
P.O. BOX 999
NEWARK, NJ 07101-0999
(973) 645-3136

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

August 6, 2008

Re:     **FMC Corporation v. B. Eugene Guthery**
        **No. 07-5409**

Dear Parties,

    Currently before the Court is Defendant, B. Eugene Guthery's ("Defendant") motion to dismiss for lack of personal jurisdiction, or in the alternative, stay the proceeding or transfer this action to the United States District Court for the Eastern District of Texas. Plaintiff, FMC Corporation ("Plaintiff" or "FMC") opposes Defendant's motion. For the reasons expressed below, Defendant's motion is denied.

**I.     Background**

    The dispute between the parties centers around the proper inventorship of Plaintiff's U.S. Patent No. 5,632,676 ("'676 Patent"), entitled "Use of Peracetic Acid to Sanitize Processed Fowl." Defendant alleges that he conceived the idea of using peracetic acid to sanitize poultry carcasses while he carried out experiments on poultry carcasses at his home in Oklahoma during the 1990's. Defendant claims that he disclosed his idea to FMC, a corporation with a research and development team located in New Jersey, by calling and faxing Ms. Lisa Kurschner, an FMC scientist, at her office in Princeton, New Jersey. Ms. Kurschner and Mr. George Diken, another FMC scientist, then developed the sanitization methods described and claimed in the '676 Patent while working in Princeton, NJ. Ms. Kurschner and Mr. Diken are the sole inventors listed on the '676 Patent, which was filed on October 12, 1993, and granted on May 27, 1997.

    Defendant alleges that, through his phone calls and facsimiles to Ms. Kurschner, he contributed to the conception of the invention. In 2006, in an unrelated patent action between FMC and Ecolab, Plaintiff requested the deposition of Defendant. Defendant claims that, during discovery of the FMC-Ecolab matter, FMC learned that Defendant might have a claim against FMC relating to the '676 Patent and that at the deposition, Defendant was asked questions by FMC regarding the '676 Patent. Based on the events at the deposition, Defendant acquired counsel and on November 8, 2007, Defendant's counsel sent a letter to FMC threatening suit unless Defendant was added as an inventor on the '676 Patent.

On November 12, 2007, Plaintiff filed the present action in this Court. On December 12, 2007, Defendant filed an identical action in the Eastern District of Texas ("Texas action"). FMC filed two motions in the Texas action, a motion to dismiss or transfer venue to this Court and a motion to dismiss for lack of standing, failure to state a claim, and lack of a case or controversy. The briefing on those motions is complete, and the parties are awaiting a decision from the Eastern District of Texas. On May 28, 2008, rather than awaiting a decision by the Eastern District of Texas, Defendant filed the present motion to dismiss the action, or in the alternative, stay the proceeding or transfer venue. Having considered the parties' arguments, the Court now decides the motion.

## II.    Discussion

Plaintiff contends that the first-filed rule does not apply to the present action. It is clearly established, however, that, "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject matter must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) (internal quotation omitted). Only upon a showing of "appropriate circumstances justifying departure from the first-filed rule" may a district court depart from this well-settled rule. *EEOC v. Univ. of Penn.*, 850 F.2d 969, 972 (3d Cir. 1988). Such circumstances include "inequitable conduct, bad faith, or forum shopping." *Id.*

The Court does not find any reason to depart from the first-filed rule. The present action and the concurrent one before the Eastern District of Texas arise from the same set of operative facts and raise the same issues. Plaintiff clearly filed the action with this Court before Defendant filed his action in the Eastern District of Texas. Contrary to Defendant's assertion that there was a "race to the courthouse," the Court determines that no such bad faith existed. Furthermore, Defendant's allegation of forum shopping is unfounded as New Jersey is the forum with the closest connection to the dispute.

Defendant also asserts that the Court lacks personal jurisdiction. Federal Rule of Civil Procedure 12(b)(2) allows a party to move for dismissal of a case based on lack of personal jurisdiction. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 300 (3d Cir. 2001). In deciding a motion to dismiss for lack of personal jurisdiction, the Court will construe as true the allegations within the complaint, and shall construe disputed facts in favor of the Plaintiff. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) , 318 F.3d at 457. Once personal jurisdiction is challenged, pursuant to Fed. C.iv. P. 12(b)(2),"the plaintiff bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court in personam jurisdiction." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990). A plaintiff may satisfy this burden through the use of affidavits or other competent evidence. *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).

Because Defendant is not a New Jersey resident, the Court must consider Defendant's connection with this State. Generally, "[a] nexus between the defendant, the forum and the litigation is the essential foundation" of personal jurisdiction. *Asahi Metal Indus. Co. v. Super.*

*Ct.*, 480 U.S. 102, 108 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). The Third Circuit has set forth an analytical framework to determine whether personal jurisdiction over a non-resident defendant is proper. *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998). This analysis begins with an examination of Fed. R. Civ. P. 4(e). *Id.* A court must then consider whether the defendant's contacts with the forum state are sufficient to support general personal jurisdiction. *Id.* Absent general jurisdiction, a court should determine whether specific personal jurisdiction exists. *Id.*

Federal Rule of Civil Procedure 4(e) allows a court to exercise "personal jurisdiction over non-resident defendants to the fullest extent permissible under the law of the state where the district court sits." *Pennzoil Prods. Co.*, 149 F.3d at 200 (citation omitted). New Jersey's long-arm statute allows the exercise of personal jurisdiction over non-resident defendants to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000).

Due Process requires that a defendant have minimum contacts with the forum state and that an exercise of jurisdiction over the defendant comport with "'traditional notions of fair play and substantial justice.'" *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Further, "minimum contacts must have a basis in 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co.*, 480 U.S. at 109 (quoting *Burger King*, 471 U.S. at 475). "Essentially, before hearing a case, a court must ask whether 'the quality and nature of the *defendant's* activity is such that it is reasonable and fair to require [that it] conduct [its] defense in that state.'" *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984) (modifications and emphasis in original) (quoting *Kulko v. Super. Ct. of Cal.*, 436 U.S. 84, 92 (1978)). A plaintiff may demonstrate that a defendant must defend its conduct based on either general or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984); *Remick*, 238 F.3d at 255.

The Court finds that Defendant's phone calls and facsimiles to Plaintiff's employees located in New Jersey is sufficient "minimum contacts" to establish personal jurisdiction. Merely because Defendant never physically entered New Jersey does not mean he did not have contact with the State; Defendant's phone calls and facsimiles are enough. *See Lebel v. Everglades Marina, Inc.*, 558 A.2d 1252, 1256-57 (N.J. 1989) (reasoning that the "mere transmittal by mail or telephone...is not the critical factor [in establishing personal jurisdiction], it is the nature of the contact" and because the defendant directed his activities to the forum, and the litigation resulted from injuries that arose or were related to those activities, personal jurisdiction was established"). Defendant's claims arise from conduct purposefully directed at New Jersey. During one phone call that Defendant initiated, Defendant disclosed his idea of sanitizing poultry with peracetic acid to Ms. Kurschner, information which Defendant claims Ms. Kurschner misappropriated. Defendant also sent a facsimile to Ms. Kurschner, in New Jersey, requesting acid samples. Therefore, the Court finds that it has jurisdiction over this matter.

Having established jurisdiction, the Court declines from transferring the matter to the Eastern District of Texas. Section 1404, subsection (a) of Title 28 in the United States Code provides "for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division or where it might have been brought." The movant carries the burden of establishing the need for a transfer. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In doing so, the movant must show that the alternative forum is not only adequate, but a more appropriate venue than the present forum. *Id.* The Third Circuit in *Jumara* identified a number of factors a court should consider when determining whether a matter should proceed in another forum. Among these factors, a court should consider the parties' preference, where the claim arose, the convenience of the parties and witnesses, the location of books and records, public policy, and other practical considerations. *Id.* at 879-80.

Upon consideration of the various *Jumara* factors articulated in light of the present action, the Court finds that the action is appropriate to be litigated here. The location of Plaintiff's witnesses as well as the relevant documents and proof are in New Jersey. Further, the place of the alleged wrong occurred in New Jersey. Defendant has not met his burden of demonstrating why the Eastern District of Texas is a more appropriate venue.[1]

Accordingly, the Court denies Defendant's motion to dismiss, or, in the alternative, stay the proceeding or transfer venue. An appropriate order follows.

.                                                               /s/ JOEL A. PISANO
                                                                United States District Judge

---

[1] Because the Court finds that it has jurisdiction and that venue is proper, Defendant's motion seeking a stay of the proceedings until the Eastern District of Texas renders a decision is denied.