**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
FMC CORPORATION,                    :
                                    :   CIVIL ACTION NO. 07-5409 (JAP)
          Plaintiff,                :
     v.                             :   **OPINION**
                                    :
B. EUGENE GUTHERY,                  :
                                    :
          Defendant.                :
_____ :

PISANO, District Judge:

In an Opinion dated April 17, 2009, this Court granted Plaintiff FMC Corporation's ("FMC") Motion for Summary Judgment to dismiss the counterclaims asserted by Defendant, B. Eugene Guthery ("Guthery"). ("Summary Judgment Opinion and/or Order" or the "April 17 Opinion and/or Order"). Guthery thereafter filed a Motion for Reconsideration of this Court's April 17 Order awarding summary judgment to FMC, which FMC opposes. For the reasons set forth herein, the Court denies Guthery's motion.

**I.    BACKGROUND**

The instant action arose when FMC initiated a declaratory action on November 11, 2007, seeking a judgment declaring: (1) the enforceability of the '676 Patent; (2) that Guthery was not an inventor of the Patent; (3) and that FMC neither used Guthery's ideas nor unfairly competed with Guthery regarding the Patent. In response, Guthery filed a Complaint in December of 2007 in the Eastern District of Texas, alleging four counterclaims against FMC: (1) correction of inventorship to the '676 Patent pursuant to 35 U.S.C. § 256; (2) if the '676 Patent cannot be

corrected to include Guthery as an inventor, then a declaration of invalidity/unenforceability of the '676 Patent pursuant to 35 U.S.C. § 256 and/or § 102(f); (3) misappropriation, under Texas common law, of Guthery's information regarding the use of peracetic acid in the '676 Patent; and (4) unfair competition under Texas common law.  The related action was transferred from the Eastern District in Texas to this Court, and Guthery's counterclaims were dismissed by this Court's April 17 Order which granted summary judgment to FMC.

FMC subsequently filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court converted into a Motion for Summary Judgment on April 17, 2009 in light of the parties' requests that the Court consider materials outside of the pleadings in deciding the dismissal motion.  The Court granted the converted summary judgment motion in favor of FMC on April 17, 2009.  Guthery now contends he received insufficient notice to allow him to adequately respond, notwithstanding his request that the Court consider additional materials in resolving the prior dismissal motion.  (*See* Docket Entry No. 41, at 12-13.)  Guthery filed this Motion for Reconsideration on May 1, 2009.

## II.   DISCUSSION

### A.   Standards of Review

In New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).  L. Civ. R. 7.1(i).  A district court exercises discretion on the issue of whether to grant a motion for reconsideration.  *N. River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995).  A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds:  "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent

manifest injustice." *Id.* at 1218 (internal quotation and editing marks omitted). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Id.* (internal quotation marks omitted). Therefore, the standard for reconsideration is exacting, and is granted only sparingly. *See Thompson v. Lappin*, No. 07-2694, 2008 WL 4661614, at *2 (D.N.J. Oct. 20, 2008) (further holding that, "a difference of opinion with the court's decision should be dealt with through the normal appellate process") (citations omitted).

When the Court considers matters outside the pleadings, a motion to dismiss generally must be converted into a motion for summary judgment. Fed. R. Civ. P. 12(d). In such a case, "all parties must be given a reasonable opportunity to present all material that is pertinent to the motion." *Id*. However, the Court does not need to give parties express notice when the Court plans to convert a motion to dismiss into a motion for summary judgment. *In re: Rockefellar Ctr. Props. Inc. Sec. Litig.*, 184 F.3d 280, 288, 287 (3d Cir. 1999) (holding that a court reviewing a decision to convert a dismissal motion into one for summary judgment will consider: (1) whether the materials submitted required conversion; (2) whether the parties had adequate notice; and (3) if the parties did not have adequate notice, whether such error was harmless.)

B. Analysis

Guthery's primary argument in favor of reconsideration is that this Court erred by not providing advanced notice that the Court might opt to convert FMC's 12(b)(6) dismissal motion into one for summary judgment. Guthery claims that the absence of advance notice precluded

him from adequately responding to the motion, particularly because of discovery stay entered in this case. After reviewing the limitations on granting reconsideration pursuant to 7.1(i), the Court finds Guthery's arguments meritless and, in its discretion, declines to grant reconsideration. Guthery has identified no intervening change of law, has presented no previously unavailable evidence, has shown neither a clear error of law nor manifest injustice, and has not identified any other factor that the Court overlooked in rendering its Order and Opinion dated April 17, 2009. It is clear that the materials submitted were not pleadings and could not properly be considered by the Court addressing a motion to dismiss. Therefore, the Court must determine whether Guthery and FMC had adequate notice regarding the conversion, and if not, whether that failing was harmless. For the reasons described below, Guthery's motion is denied.

### 1. Insufficient Notice

Relying on the Third Circuit's decision in *Rose v. Bartle*, 871 F.2d 331, 341 (3d Cir. 1989), Guthery argues that the Court must grant reconsideration for failing to give adequate notice of the conversion. Although a District Court is required under Federal Rule 12(d) to provide the parties with a "reasonable opportunity" to present all material relevant to the summary judgment motion when converting a motion to dismiss into a motion for summary judgment, Guthery's reliance on *Rose v. Bartle* is misplaced because the instant case is distinguishable. 871 F.2d at 341 (3d Cir. 1989) (parties must have "notice of the conversion" in order to present relevant material). In *Rose*, the court found that notice was not "unambiguous" and therefore did not give the defendant sufficient notice. *Id*. Here, however, conversion was necessary and obvious since *both* parties desired the court to consider supplemental materials.

When parties request the court to consider materials outside the pleadings, and when the court decides to consider the additional materials, the court must convert the instant motion into a Motion for Summary Judgment pursuant to Rule 12(d). Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Therefore, Guthery cannot argue that he did not learn of the court's intention to convert until after it granted summary judgment because Guthery submitted supplemental materials to be considered, knowing that in accepting those materials, the court must convert the instant motion into one for summary judgment.

Guthery also argues that he was unable to present all material pertinent to the motion because of the lack of advanced notice. However, the Court finds this argument to be wholly without merit. The Third Circuit stated that "[a] party seeking further discovery in response to a summary judgment motion [must] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling v. City of Philadelphia*, 855 F.2d 136, 139-140 (3d. Cir. 1988). FMC submitted additional evidence with its motion to dismiss, which had not been appended to any of the original pleadings in this case and could not have properly been considered for a 12(b)(6) motion. FMC itself acknowledged this possibility in the brief it submitted in support of its dismissal motion. (*See* Docket Entry No. 34-2 at 5 ("To the extent that this motion to dismiss relies on matters outside the pleadings and might be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), the movant must show that there is no genuine issue as to any material fact and that it is entitled to judgment

as a matter of law.").)  In response, Guthery chose to submit supplemental materials in connection with his opposition briefs and urged this Court to consider the additional materials.

Alerted to the possibility that the motion could be construed as a summary judgment motion from FMC's brief, and with the further admonition that ignorance of the law is no excuse for failure to adhere to it, the Court finds that Guthery was certainly on notice of the possibility of conversion under Rule 12(d).  Accordingly, Guthery could have submitted a Rule 56(f) Affidavit in which he explained how relevant information from discovery would preclude summary judgment.  Although Guthery may not agree with the Court's decision, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'"  *Oritani S&L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (internal citations omitted).

### 2. Harmless Error

Even if Guthery did not receive adequate notice, a contention this Court rejects, Guthery still must demonstrate that this Court's result would have been different had Guthery been entitled to the discovery he now belatedly seeks.  *See In re Rockefeller Ctr. Props. Sec. Litig*., 184 F.3d 280, 289 (3d Cir. Del. 1999) ("A district court's failure to provide notice compels reversal *unless* the failure is harmless error.") (emphasis added).  That is, Guthery must show that submission of a Rule 56(f) Affidavit in response to FMC's original motion to dismiss would have precluded summary judgment on his counterclaims by identifying areas requiring further factual proofs that would have tended to conflict with evidence submitted by FMC.  Guthery fails to shoulder this burden.

Guthery's 56(f) Affidavit fully fails to identify particular facts needed to respond to the laches argument or how such facts (if identified) would have operated to preclude summary judgment. (*See* Docket Entry No. 48-3.)  In its April 17 Opinion, this Court, in its discretion, held that Guthery's correction of inventorship counterclaim (Count One) is barred by the doctrine of laches.  First, the Court noted that Guthery exceeded the acceptable timeframe for bringing up his claim against FMC. (Summ. J. Op. 6) ("'[A] delay of more than six years after the omitted inventor knew or should have known of the issuance of the parent will produce a rebuttable presumption of laches.'  The presumption requires the district court to infer unreasonable delay and resulting prejudice.") (internal citations omitted).  Second, Guthery failed to give an excusable reason for the delay in filing his counterclaims. (Summ. J. Op. 8-10) ("Neither explanation [offered by Guthery] provides a cognizable justification for the delay sufficient to rebut the presumption of laches.").  Guthery's discovery requests regarding "the issue of alleged harm to FMC" and advice given to him by FMC's counsel against bringing suit sooner would fail to remedy either of the deficiencies identified above.  Moreover, the Court found that FMC suffered economic and evidentiary harm as a matter of law, noting, for example, the difficulties in litigating a case where a primary witness is no longer employed by FMC.  Regarding Guthery's advice-of-counsel excuse, the Court concluded that any statement by FMC's counsel would not justify Guthery's delay in bringing suit, because Guthery still delayed bringing suit for over five years after he himself admitted he became aware of his potential claim. (Summ. J. Op. 11) ("However, even assuming the veracity of Guthery's allegation, Guthery had known of his inventorship claim since 2000 and has offered no legitimate excuse for not pursuing his claim between 2000 and 2005. . . This Court therefore concludes that even if

counsel to FMC made these remarks, Guthery's delay in filing suit was not attributable to them."). Therefore, additional discovery into these issues would fail to yield evidence which tended to show that this Court should not have, in its discretion, held that the laches bar operated to preclude Guthery from pursuing his claim.

Guthery's 56(f) Affidavit is similarly unavailing with respect to the Second Count of his counterclaims alleging the '676 Patent was invalid or unenforceable. In the Summary Judgment Opinion, the Court found that Guthery failed to establish the existence of a case or controversy upon which to predicate jurisdiction because Guthery had never practiced the claimed invention or been threatened with infringement. (Summ. J. Op. 13-14.) Nothing in Guthery's 56(f) Affidavit makes any reference to jurisdiction, and the Court therefore finds that in the event the Second Count was dismissed erroneously based on conversion to a summary judgment motion, such error is harmless with respect to this claim because Guthery has identified no facts that would change this Court's conclusion.

Finally, Guthery fails to specify what additional information he sought and how that information would affect any of the Court's conclusions justifying summary judgment of his two state law counterclaims, Counts Three and Four, the dismissal of which were predicated on the expiration of the statute of limitations for those causes of action. The Court found that Guthery's misappropriation and unfair competition claims were barred by the applicable statute of limitations. (Summ. J. Op. 15-17.) Because his 56(f) Affidavit lacks any reference to discovery of facts affecting the tolling of the statutes of limitation, the Court must again find that any alleged error was harmless.

### III.   CLARIFICATION REQUEST

Guthery requested clarification regarding how the Court intends to address the Texas claims in Civil Action No. 08-5870 that were consolidated into this base action. He alleges the claims in 08-5870 differ from those in the present action, and should be addressed separately. Despite Guthery's representations otherwise, the Court finds that the Texas claims are identical to those already considered by this Court in New Jersey. While Guthery contends that the two sets of claims are different, he fails to point to any distinguishing features and the Court's independent review of the two pleadings fails to illuminate any distinctions. Therefore, to be clear, this Court has dismissed all of Guthery's counterclaims as well as the identical claims he has asserted in Civil Case No. 08-5870.

## IV. CONCLUSION

Guthery's motion for reconsideration is therefore denied for the reasons described above. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: August 10, 2009